JOSEPH TALLMAN *v.* HENRY WHITAKER.

It is the settled practice of the Court whenever it entertains a doubt as to the legal sufficiency of an affidavit of defence, to refuse the motion for judgment on the affidavit of the plaintiff's cause of action, and to suffer the case to go to pleading, issue, and trial at bar in the usual manner.

THIS was an action of assumpsit on a book account against the " Schooner Sarah Jones and owner," for cordage, spun yarn, manilla rope, tallow, tar, &c., by the plaintiff against the defendant. The plaintiff filed a copy of his account with an affidavit under the statute, that it was a true copy of his account and original entries against the defendant, as the owner of the schooner, and that the sum demanded was justly and truly due. To this the defendant had filed a counter affidavit of defence, that the goods were not sold, or delivered to him, or to any other person by his order or request. And the plaintiff by his counsel, *T. F. Bayard,* now moved the Court for judgment, notwithstanding the affidavit of defence. If the goods were furnished to the master, or captain of the schooner, in Philadelphia, for the use of the vessel, and the defendant was the owner of her, he was bound to pay for them, because the captain, as his agent, had authority to bind him for them, without any express order or request from him to the plaintiff to furnish them ; and this the affidavit of defence did not deny, and was therefore not a legal defence to the action.

*D. M. Bates,* for the defendant : This account on its face was not against the defendant, Henry Whitaker, but was an account against the schooner Sarah Jones and owner. It was true, his affidavit of defence did not deny that he was the owner of her, but to render him liable on this account against the vessel and owner, the affidavit of the plaintiff's cause of action, should have disclosed something more than a sworn copy of the account mere-

ly, and should at least have stated by whom the goods were ordered, and for what purpose, and that he had authority either express or implied in law, to do it, and to render the defendant liable for them.

*The Court* remarked, that on viewing both of the affidavits and the little disclosed in them, they had some doubts as to the legal sufficiency of the affidavit of defence. But as the defendant denied that he ordered the goods, or authorized any person to order them for him, and the affidavit of the cause of action contained only a copy of the account of the plaintiff, which was against the schooner and owner, without disclosing the authority on which they had been furnished, or that they were for the vessel, or were used upon her, they were not satisfied to order judgment to be entered for the plaintiff upon it, and thus to dispose of the case in this summary manner without a further hearing in regard to the matter. As the case stood, the presumption perhaps would be, that the articles were furnished on the order of the captain; but if so, whether he had an implied authority as captain to order these goods for the vessel, which would appear to have been materials for rigging her, without the actual knowledge and sanction of the owner, was a question on which they would express no opinion at that time. It was enough to say, as the case stood, they had some doubt whether the defence disclosed in the affidavit of the defendant was not sufficient, and in accordance with the settled practice of the court in such cases, they must refuse the motion for judgment, and suffer the case to go to pleading, issue, and trial at bar in the usual manner.